

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable William L. Kerr, Member
Board of Regents, State Teachers Colleges
First National Bank Building
Midland, Texas

Dear Sir:

Opinion No. 0-6861

Re: Power of the Board of
Regents of State Teachers
Colleges to authorize the
borrowing of money to meet
teachers' payrolls and cur-
rent expenses.

Your letter of April 17, 1946, requesting an opinion
on the above condensed question has been given our careful con-
sideration.

For the purposes of this opinion we understand the
facts in and occasioning your request to be, in substance, as
follows:  The Federal Government is indebted to one of the State
Teachers Colleges in the amount of $35,000.00, more or less, for
payment of tuition and other fees for returning war veterans at-
tending the college under the G. I. Bill of Rights.  Because the
government has delayed the payment of this amount, the available
operating funds of the college have been exhausted to the extent
that the college cannot meet the current payroll and expenses.
The Board of Regents desires to be advised whether it has the
power to authorize the borrowing of money to meet these current
operating expenditures under the circumstances submitted.

The Educational Appropriation Bill, Acts 1945, 49th
Legislature, Regular Session, Chapter 377, after making itemized
appropriations for the payment of teachers' salaries and for the
operation, management and maintenance of the Teachers Colleges of
Texas, provides in the General Provisions of said Acts as follows:

"Subsection (3).  Institutional Receipts. * * *,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable William L. Kerr - Page 2

and any and all other receipts shall become and are hereby appropriated as maintenance or contingent fund to be expended under the direction and with the approval of the governing board having jurisdiction. Said governing boards are authorized to use out of the proceeds of said receipts and funds, in accordance with the provisions of this Act, such amounts as they shall deem necessary for the support, maintenance, operation and improvements of said institutions. Any balances remaining to the credit of any of said institutional local funds at said institutions or in the State Treasury at the end of any fiscal year are hereby reappropriated for the above-mentioned purposes for the succeeding year."

This provision, subsection (3), constitutes an appropriation by the Legislature to the Teachers Colleges of the tuition and other fees the colleges may realize by virtue of Article 2654b-1, Section 4, Vernon's Annotated Civil Statutes, from the government under the G. I. Bill of Rights; furthermore, we are of the opinion that these funds, treated by the Legislature as public monies, will constitute a part of the local or institutional funds of the respective colleges and are subject to disbursement under the direction and authority of the Board of Regents for support and maintenance of State Teachers Colleges. Article 2647, Section 11, Vernon's Annotated Civil Statutes.

Article 2654d, Section 1, Vernon's Annotated Civil Statutes, provides in part as follows:

"The Governing Board of the * * * (East, North, Sam Houston, Stephen F. Austin, Southwest, Sul Ross, and the West Texas) Teachers Colleges * * *, may retain control respectively of the following sums of money collected at each of said several institutions in carrying out the functions of an educational institution, such as funds collected from student fees of all kinds; charges for use of rooms and dormitories; receipts from meals, cafes and cafeterias; fees on deposit refundable to students under certain conditions; receipts from school athletic activities; income from student publications or other student activities; receipts from sale of publication products and miscellaneous supplies and equipment; students'

Honorable William L. Kerr - Page 3

voluntary deposits of money with said schools for
safekeeping; all other fees and local institutional
income of a strictly local nature arising out of and
by virtue of the educational activities, or research
or demonstration carried on by each and all of said
several schools."

It is clear, that said Article does not give express
authority to the Board of Regents to pledge local funds which
may be available in the future, nor does it give express au-
thority to the Board to borrow money to meet an emergency. Con-
struing all sections of Article 2654d together, we think the Leg-
islature intended only to give local boards the right to keep such
local or institutional funds in a local depository, instead of re-
quiring that they be transmitted to the State Treasury; that there
was no intention to confer on such boards the power to pledge such
local funds as might accumulate in the future. Furthermore, the
State is not bound by an agreement of its agent to pay interest,
unless there is a law authorizing the agent to enter such a con-
tract. 34 Texas Jurisprudence, page 855; 15 Texas 72. The power
to pledge such funds is, we think, one which the Board of Regents
would not have in the absence of expressed Legislative authority.
Public officers and governmental and administrative boards pos-
sess only such powers as are expressly conferred on them by law
or are necessarily implied from the powers conferred. 34 Texas
Jurisprudence 440; Fort Worth Cavalary Club v. Sheppard, 125
Texas 339, 83 S. W. 2d 660.

Again, with respect to the matter of Legislative intent
we would quote, in part, from the Educational Appropriation Bill,
supra, Subsection (4), Local Depositories, as follows:

* * * *

"It is hereby declared the Legislative intent
that the governing boards and heads of the several
State institutions of higher learning shall not bor-
row money from any person, firm or corporation to be
repaid out of local funds, other than is specifically
authorized by legislative enactment."

We believe, further, that there is yet an additional rea-
son that would preclude an implication of implied power necessarily
in the Board of Regents to borrow money or pledge local funds which

Honorable William L. Kerr - Page 4

may be available in the future, in the absence of an expressed statute conferring the power. By virtue of the provisions of Article III, Section 49, Constitution of Texas; Arts. 4351 and 4351a Vernon's Annotated Civil Statutes, the Legislature has set up the procedure by which the "managers of State institutions or other persons in Texas with the power or duty of contracting for supplies, or in any manner pledging them the credit of the State for any deficiency that may arise under their management or control" may extricate themselves from casual deficiencies unforseeable when appropriations were made. The fact that the legislature has prescribed the method to be employed in case of deficient appropriations would further preclude, we think, an inference of implied power in the Board of Regents to authorize the borrowing of money for the purposes expressed herein. We do not go into the question of the availability to Teachers Colleges of deficiency appropriations under the facts stated, but in lieu thereof attach and forward herewith Attorney General Opinion O-2118, approved June 14, 1940, which discusses that matter completely.

In the light of the statutes and reasons herein above discussed, it is the opinion of this department that your question must be and is answered in the negative.

Trusting the above satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Chester L. Ollison*

Chester E. Ollison
Assistant

APPROVED MAY 1948
FIRST ASSISTANT
ATTORNEY GENERAL

CEO-bw

enclosure

APPROVED
OPINION
COMMITTEE
BY *Jw73*
CHAIRMAN